BROWNELL V. WILLIAMS ET AL.

1. **Estate**: CLAIM AGAINST: STATUTE OF LIMITATIONS. Evidence considered under which it was held that a claim against an estate was barred, not having been proved within twelve months, as required by section 2421 of the Code.

2. ——: ——: ——. It is not necessary that the statute should be pleaded in bar of a claim by an administrator, the allowance or disallowance of every claim being a matter for the final determination of the court, without regard to the action of the administrator thereon.

3. **Administrator**: NOTICE OF APPOINTMENT: PROOF OF PUBLICATION. It is competent to prove the posting of notices of the appointment of an administrator by the affidavit of the administrator attached to a copy of the notice, as provided in section 3698 of the Code.

*Appeal from Lee Circuit Court.*

THURSDAY, SEPTEMBER 23.

THIS action is instituted upon a note executed by J. H. Greene to the order of George Williams, and by him indorsed in blank. The cause was tried to the court on the 19th day of November, 1879, and the facts were found as follows: " That George Williams died on the 17th day of July, 1878; that letters of administration were granted to C. L. Williams, of said estate, on the 25th day of July, 1878; that notice of the appointment of said administrator was given on the 25th day of July, 1878; that the claim of plaintiff was filed against the said estate on the 21st day of July, 1879; that notice of the filing of said claim and copy of said claim were served on C. L. Williams, administrator of said estate, on the 21st day of July, 1879; the court takes judicial notice that there was a regular term of the Circuit Court for the county of Lee at Keokuk, in November, 1878; also a regular term of the same court in June, 1879. The court further finds that the note in question was executed by J. H. Greene, payable to George Williams, deceased, in his lifetime; that the note was discounted about May 3, 1877; that C. L. Williams, the book-

keeper and general manager of the business of the said George Williams, presented the note to the Keokuk National Bank, and received the money for the said George Williams; that after the maturity of said note it was renewed, J. H. Greene paying the interest in advance for such renewal for ten days, said Williams consenting to said renewal. As a conclusion of law the court found that the estate is liable to the plaintiff for said claim. The defendant appeals.

*Hagerman, McCrary & Hagerman,* for appellant.

*Gillmore & Anderson,* for appellee.

DAY, J.—I. From the finding of facts it appears that the claim in question was filed against the estate four days before the lapse of one year from the giving of notice of the appointment of the administrator, and that the claim was not proved in court until nearly sixteen months after the administrator gave notice of his appointment. It also appears that a term of the Circuit Court was held in June, 1879, at which the claim might have been proved. The plaintiff is and for many years has been a resident of Keokuk, Iowa, where the deceased resided and where the defendant now resides.

1. ESTATE: claim against: statute of limitations.

In *Willcox v. Jackson,* 51 Iowa, 296, we held, construing section 2421 of the Code, that claims of the fourth class not filed, and proved also, within twelve months after the publication of notice of appointment of administrator are barred, unless the case presents circumstances entitling the claimant to equitable relief. In this case no equitable circumstances whatever are shown. It simply appears that the claim was filed just before the expiration of a year from the giving of notice of appointment of the administrator, and was proved up nearly sixteen months after such notice, and that the estate is solvent and unsettled.

In *Davis v. Shawhan,* 34 Iowa, 91, it is said: "That the estate is yet unsettled is not of itself a reason for granting

relief against the delay." Appellee relies upon *Brewster v. Kendrick*, 17 Iowa, 479; *Wile v. Wright*, 32 Iowa, 451, and *Johnston v. Johnston*, 36 Iowa, 608. In *Brewster v. Kindrick* the plaintiff delayed presenting his claim on account of negotiations for a settlement. In *Wile v. Wright* a continuance of the cause was rendered necessary because of a mistake in notice. In *Johnson v. Johnson* the plaintiff was a non-resident of the State, and he sent the note for collection to the bank, at which it was payable, one month before it was due, and less than nine months after the notice of the appointment of the administrator. The plaintiff was not personally negligent.

We cannot hold the estate liable in the present case without going beyond anything that has yet been decided, and ignoring the provision of the statute that the claim must be proved within twelve months of the notice of the appointment of the administrator.

II. No pleadings were filed in the case. The plaintiff simply filed his claim and served notice upon the defendant to appear and defend at the November term, 1879. The appellee now insists that the defendant cannot rely upon the fact that the claim was not proved within the prescribed time, because such fact was not pleaded as a defense.

Section 2410 of the Code provides: "All claims filed and not expressly admitted in writing, signed by the executor with the approbation of the court, shall be considered as denied without any pleading on behalf of the estate."

Section 2421 of the Code provides: "All claims of the fourth of the above classes not filed and proved within twelve months of the giving of the notice aforesaid are forever barred, unless the claim is pending in the District or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief." This provision does not fall under the principles of a general statute of limitations, which must be pleaded in order to be available.

The court is to some extent made the guardian of the interests of the estate. Hence, under section 2410 of the Code the executor cannot admit a claim against the estate without the approbation of the court. If the executor cannot without the approbation of the court admit a claim, it follows, we think, that he cannot by neglecting to plead require or authorize the court to allow a claim not filed and proved within the time by statute required. Whenever it appears to the court from an inspection of the claim, or otherwise, that it has not been filed or proved as required, it is the duty of the court, independently of any pleading upon the part of the executor, to reject it.

III.    Attached to the notice of the appointment of the administrator is an affidavit as follows:    " I, C. L. Williams, do solemnly swear that on the 25th day of July, 1878, I posted up four notices, of which the above is a true copy, one of which was posted at the court-house at Keokuk, in said county, and the others at three public places in said county.    Subscribed and sworn to by C. L. Williams, July 29, 1878.    Filed July 29, 1878."    The plaintiff objected to this proof as incompetent, irrelevant and immaterial, and it is now insisted that the proper proof would have been to have shown the publication of notice of appointment by the defendant as a witness upon the stand, subject to a cross-examination by the plaintiff.

3. ADMINIS-
TRATOR: no-
tice of ap-
pointment:
proof of pub-
lication.

Section 3698 of the Code provides:    " The posting up or service of any notice, or other papers required by law, may be proved by the affidavit of any competent witness attached to a copy of said notice or papers, and made within six months of the time of such posting up."    Under this section the affidavit of the executor was competent to prove the fact of the posting of the notices.

Section 2366 of the Code provides that the executor or administrator shall give such notice of his appointment as the court or clerk may direct, which direction shall be indorsed on the letters when issued.    The abstracts do not

purport to contain all the evidence. It must, therefore, be presumed that it was shown that the manner of giving notice was as directed by the court or clerk. In holding that the estate, under the facts found, was liable, the court erred.

REVERSED.