ELLEN HINES *et al.*, Appellees, v. NANCY HORNER *et al.*, Appellants.

1. **Practice in Supreme Court:** ERRORS CONSIDERED ON APPEAL. An objection to a proceeding upon the ground of a misjoinder of causes of action therein, will not be considered upon appeal where such question was not raised in the court below.

2. **Equity:** PLEADING: RELIEF. Where in an action to set aside a conveyance of real estate because of the fraud, deceit and undue influence of the grantees, the court found that said grounds for the relief asked were not supported by the evidence, *held,* that a decree setting aside said conveyance on account of the insufficient mental capacity of the grantor to make said deed was erroneous, such issue not being presented by the pleadings.

3. **Appeal:** EQUITY CAUSE: TRIAL DE NOVO. Under the provisions of section 2742 of the Code, it is not necessary, to entitle the parties in an equity cause to a trial *de novo* in the supreme court, that the case be ordered tried on written evidence in the district court, if the evidence be in fact taken down in writing, certified by the judge, and properly made a part of the record.

*Appeal from Story District Court.*—HON. D. R. HIND-
MAN, Judge.

MONDAY, OCTOBER 24, 1892.

ACTION for the partition of certain lands, and to
set aside a deed executed by the plaintiff, George
Yazel, to his sons, David and Joseph Yazel, of a cer-
tain interest in the lands sought to be partitioned.
There was a decree for plaintiffs, and the defend-
ants David and Joseph Yazel appeal.—*Reversed.*

*E. H. Addison* and *W. G. Harvison*, for appel-
lants.

*J. T. Martin*, for appellees.

KINNE, J.—This action was begun to partition
certain lands in which the plaintiffs claimed an inter-
est. It was alleged, among other things, that one of
the plaintiffs, George Yazel, who was a man over eighty
years old, in feeble condition, and unable to read and
write, was induced by fraud and deceit practiced upon
him by his sons, David and Joseph, to execute a deed
to them of all his interest in the land in controversy,
they pretending to enter into a contract to support
their father; and that he was thus induced to sign a
deed to the land, supposing it was a contract for his
support. That his said sons, the defendants, conspired
and confederated together to gain said conveyance by
fraud and deceit, and the same was thus procured.
That because thereof, and because no consideration
was paid therefor, and for the reason that the defend-
ants have not supported said plaintiff, the plaintiff asks
that the deed be set aside, and avers that he still owns
his interest in said land. The defendants deny the
allegations referred to, and aver that the deed given
them by their father was for a consideration, being a

contract in writing, conditioned for the care and support of George Yazel during his lifetime by said defendants; that the plaintiff knew the contents of the deed and its import; that they are now, and always have been, willing to comply with the terms of their contract. Other necessary allegations appear in the petition and answer.

I. The appellants contend that there is a misjoinder of actions, in this: that this action is brought for the partition of certain lands, and there is joined therewith an action in behalf of one of the plaintiffs and against two of the defendants to set aside a deed touching an undivided interest in the property in controversy. No objection was made to the claimed misjoinder in the court below, and hence we cannot consider it. 1 McClain's Digest, page 48, section 145; Elliott's Appellate Procedure, sections 470, 481.

1. PRACTICE in supreme court: errors considered on appeal.

II. In our judgment, we need not enter into a discussion of the merits of this case. The relief asked, so far as the setting aside of the deed from George Yazel to the defendants, David and Joseph Yazel, was concerned, was based only on the claim that the conveyance was procured by them by fraud and deceit practiced upon their father. The court below expressly found that "no fraud, deceit or undue influence was used in procuring the said George Yazel's signature to the said deed or contract;" and the evidence fully sustains the finding. There was an entire want of evidence to sustain the allegations of fraud and deceit pleaded in the petition. The district court, however, rendered a decree in favor of the plaintiff, "because the said George Yazel at the time had not sufficient mental capacity to enter into said contract, or make said deed." After a careful examination of this record, as well as of the transcript, we are unable to find that the question of mental capacity

2. EQUITY: pleading: relief.

of George Yazel was by the pleadings made an issue in the case. The only issue was as to whether the deed had been procured by fraud and deceit practiced upon George Yazel, and, there being none established, the bill should have been dismissed, so far as George Yazel was concerned. The relief granted should have been "consistent with the case made by the petition and embraced within the issues." Code, section 2855; *Wilson v. Miller*, 16 Iowa, 111; *O'Connell v. Cotter*, 44 Iowa, 48; *Marder v. Wright*, 70 Iowa, 45.

III. The appellees contend that, as no motion was made in the trial court that all the evidence be taken down in writing, this action cannot be tried

3. APPEAL: equity cause: trial *de novo*.

*de novo* in this court. Under the law now in force, when a cause is tried as an equitable action, no order of the court that it be tried on written evidence is required. If the evidence be in fact taken down in writing, and certified by the judge, and properly made part of the record, it is sufficient. Code, section 2742; *Howe v. Jones*, 66 Iowa, 160; *Ross v. Loomis*, 64 Iowa, 432.

IV. As, for the errors pointed out, the case must be reversed, we need not pass upon the appellants' motion to tax costs of transcript and printing supplemental abstract to the appellees.

The question of mental capacity not having been at issue, it would be improper for us to pass upon the sufficiency of the evidence adduced thereon.     REVERSED.