MACK EASTON, Guardian of ALICE KNOX, v. JOHN SOMERVILLE, Executor of the Estate of SARAH J. KNOX, Deceased, and E. A. RICHARDS, Appellants. ALICE KNOX, Intervener, Appellant.

**Guardian and Ward:** LACHES OF GUARDIAN. A guardian without authority of the court, purchased a note, secured by mortgage, with funds of her ward. At her death, her successor was ap-appointed, who received interest on the mortgage from the assignor, and redeemed the land covered thereby from tax sale, without knowing that such purchase was made without authority. A short time after learning this, he brought action to rescind the investment, against the executor of the deceased guardian. The estate of said deceased guardian was solvent and unsettled, and no change had taken place in the relation of the parties, and no disadvantage had accrued. *Held*, that the guardian had not been guilty of such laches as would bar relief, although a little more than three years had elapsed.

WHEN NOT ACTIONABLE. Laches of a guardian in suing for rescission of an investment of his ward's property, made by a former guardian without authority of court, does not give the ward a right of action against him, when no damage has resulted and the judgment obtained in the suit is good and collectable.

**Investment by Guardian:** VALIDITY: *Order of court.* Under Code, section 3200, providing that guardians may lease lands, loan money, and in all other respects manage the affairs of their wards, under proper orders of court, an investment of the funds of the ward without an order of the court is voidable until approved by the court.

KNOWLEDGE OF WANT OF AUTHORITY: *Trusts.* There being sufficient evidence to show that one selling a note and mortgage to the guardian of a minor knew that he sold to her as such guardian, and received the money of her ward in payment thereof, he is presumed to know whether she had authority to sell, and he holds the money so received in trust for the benefit of the ward.

**Election of Remedies:** An action against a guardian for conversion, by buying a mortgage with funds of the ward without authority from the court, and an action against one who received these funds with knowledge of such want of authority are not inconsistent, and hence work no election.

BY GUARDIAN. Election will not be found against a guardian, where after knowledge of the facts he did nothing which evinced an election to ratify an unauthorized investment, but on the contrary disaffirmed same all he could, including the bringing of a suit to disaffirm.

*Same.* As a guardian sues in a representative capacity and can do no act binding on the estate of his ward without authority from the probate court, there is, without deciding the point, much reason for saying that he could not make an election binding on his ward.

*Knowledge.* It may be that as between himself and his ward a guardian will not be heard to say that he had no knowledge of the circumstances which established that an unauthorized investment had been made for the ward. But he rests under no duty to one who sold the thing invested in. He, too, is a wrongdoer and cannot insist that the successor of the guardian who made the investment made an election, unless it appears that the acts claimed to evidence an intent to affirm by the said successor were done with knowledge of the truth.

NOTICE BY EXECUTOR: *Not presumed.* It not being proven that notice was given by the executor, a claim against the estate will not be barred by limitations, which begin to run from the giving of the notice.

*Rescission.* A guardian bought a mortgage without authority. The seller and endorser paid $80 interest to the successor of said guardian who then was ignorant of the facts. After learning the truth, he brought suit to rescind the investment in said mortgage without returning or offering to return said interest payment, but the amount was deducted from the judgment rendered against the seller of the mortgage and the mortgage itself and the mortgage note delivered to the clerk for the use and benefit of the seller. *Held,* the deduction from said judgment sufficed for return or offer to return and the endorser is in no position to insist that the $80 should have been returned before suit for rescission was brought, because, in paying it, he did not more than the law required.

**Claims Against Estates:** LIMITATIONS OF ACTIONS. Where a guardian invested funds of her ward in a note and mortgage without authority of court, the statute limiting the time of filing claims

against the estate of one deceased does not apply to the filing
of a claim for the amount of such mortgage with the executor
of such guardian subsequently dying, because such claim was
contingent on the acceptance of the investment by the ward on
coming of age, and also, because the ward was not a creditor
of the estate of her said guardian until coming of age.

**Pleading:** LIMITATION OF ACTIONS. The bar of the statute of limi-
tations relating to claims against the estate of a deceased per-
son must be pleaded, if relied on.

**Judgments:** FORM. In a suit by a guardian seeking to declare in-
valid an investment made by his predecessor in which suit the
ward intervened, it was ordered that he make a deposit with
the clerk for the benefit of the ward and that upon so doing he
be discharged and his bond exonerated, and it is intimated that
the validity of such a judgment might be objectionable were
its form complained of.

**Appeal:** OBJECTION BELOW: *Misjoinder.* Objection to misjoinder of
parties and causes of action cannot be made for the first time on
appeal.

SAME: *Election of remedies.* Objection that plaintiff elected one
remedy, and is estopped from pursuing another, cannot be made
for the first time on appeal.

SAME: *Action improperly brought.* Objection that a cause of
action against the estate of one deceased is not properly
brought must be raised by motion or demurrer, and cannot be
raised for the first time on appeal.

*Appeal from Calhoun District Court.*—HON. S. M. ELWOOD,
Judge.

SATURDAY, APRIL 14, 1900.

SARAH J. KNOX was at one time the guardian of Alice
Knox, a minor. She received, as such guardian, one thous-
and eight hundred dollars in money from her husband, who
was the father of Alice Knox. One thousand dollars of this
amount she invested without an order of court, in the pur-
chase of a note, and real estate mortgage on Dakota land,
from defendant Richards. Thereafter, Sarah J. Knox died,
and John Somerville, defendant, was appointed executor.
Plaintiff was thereupon appointed guardian for Alice Knox,

and as such received the note and mortgage purchased of
Richards.  Some time after his appointment he commenced
this action against Richards and Somerville, executor, to
recover the amount of his ward's money, invested in the
Dakota mortgages.  In the meantime the ward arrived at
age, and she intervened in the action, asking judgment
against plaintiff for his neglect of duty, and against de-
fendants for the amount of money invested in the Dakota
mortgage.  The trial court rendered judgment in favor of
plaintiff and against defendants for the sum of one thousand
two hundred and twenty-five dollars and costs, and ordered
him, plaintiff, to return the Daktota note and mortgage.  An
accounting was also had between plaintiff and his
ward, on intervener's petition, and the plaintiff was
ordered to deposit a certain amount with the clerk of
the courts for the benefit of intervener, and on so doing it
was ordered that he be discharged, and his bond exonerated.
Defendants and intervener appeal.—*Affirmed.*

*J. C. Kerr* for appellant Richards.

*E. A. Walton* for appellant Somerville.

*M. R. & J. B. McCrary* for appellant Alice Knox.

*B. B. Foster* and *Stevenson & Lavender* for appellee.

DEEMER, J.—Alice M. Knox is the adopted child of
Charles H. and Sarah J. Knox.  Her stepfather died in
the year 1890, and her stepmother, Sarah J. Knox, was
appointed guardian of her estate.  In the year 1893 this
guardian had the sum of one thousand eight hundred and
fifty-one dollars in her hands, belonging to her ward.
In March of that year she, without authority or direc-
tion from the probate court, purchased from defend-
ant Richards a note for the sum of one thousand dollars,
secured by mortgage on some Dakota land, that had been

made to Richards by some parties named Moench. The
note was indorsed to Sarah J. Knox as guardian. Mrs.
Knox did not report her purchase to the probate court, as
we understand it; but, if she did, her report was not approved.
On February 4, 1894, Mrs. Knox died, and on April 26th
of that year defendant John Somerville was appointed execu-
tor of her last will and testament. About February 10,
1894, plaintiff was appointed guardian of the person and
property of Alice M. Knox, to succeed Mrs. Knox. Shortly
thereafter he demanded and received from the executor,
Somerville, the Moench note and mortgage, and included it
in his inventory of property belonging to his ward. He also
received eighty dollars in interest thereon from defendant
Richards, which he reported to the court. He also redeemed
the land covered by the mortgage from tax sale; but, as soon
as he learned there had been no order of the court authoriz-
ing the investment of his ward's funds in the mortgage, he
immediately collected the amount paid out in redemption
from tax sale from the mortgagors, with interest. Alice M.
Knox attained her majority June 17, 1896, and on October
15, 1897, plaintiff filed what he called his "final report,"
in which he referred to the Moench mortgage, and certain
cash items received by him, amounting in all to one thousand
five hundred and eighty dollars, as all the property and
money coming into his hands belonging to his ward. In
December of that year the ward filed objections to the re-
port. Two supplemental reports were filed by the guardian.
The court made an order that the guardian collect and bring
into court, in cash, the funds belonging to his ward, at the
October, 1897, term of court; and on December 13, 1897,
plaintiff filed his petition in this case, in which he seeks to
recover from Richards and Somerville, executor, the amount
of money belonging to his ward that was invested by Mrs.
Knox, as guardian, in the Moench mortgage; claiming that
the former guardian had converted that amount of her es-
tate, and that Richards had received the same, knowing it

was trust funds, and that he should account therefor. He tenders the note and mortgage to defendants, and asks judgment for the amount converted, with interest. By agreement of counsel, and with permission of the court, Alice M. Knox intervened; asking an accounting from her two guardians, and seeking to charge plaintiff with neglect and carelessness in the management of her property. The objections of Alice M. Knox to the reports of her guardian, Easton, were, by consent of parties, also brought into the case, to be considered and determined on the evidence adduced. Defendant Somerville, executor, denied the allegations of plaintiff's petition, but admitted he held, for the benefit of Alice M. Knox, certain sums bequeathed to her by the will of Sarah J. Knox. He also pleaded laches and negligence on the part of plaintiff, and an estoppel based on plaintiff's conduct with reference to the Moench mortgage. Defendant Richards denied the allegations of the petition, and also pleaded laches, negligence, and estoppel. In answer to the petition of intervention, various pleadings were filed, that need not at this time be referred to. Plaintiff, in answer, however, admitted having two hundred and ninety-two dollars and ninety cents in cash belonging to his ward, subject to deductions for expenses, etc., but denied all negligence in the management of her estate. The trial court, as we have stated, rendered judgment against defendants for the amount of money invested by Mrs. Knox, as guardian, in the Moench mortgage, with interest, less the sum of eighty dollars found to have been paid by Richards. It also found that plaintiff had in his hands a balance of one hundred and fifty-seven dollars and ninety-two cents belonging to his ward, which amount he was ordered to turn over to the clerk of the court for her benefit. It also found that the estate of Mrs. Knox was indebted to Alice M. Knox in the sum of four hundred and fifteen dollars and eighty cents, money in her hands at the time of her death, belonging to her said ward; and judgment for the amount was ordered

against Somerville, as executor, and he was ordered to pay the same to Alice M. Knox. All parties save plaintiff appeal.

Some preliminary questions will be settled before going to the main points: Somerville contends that there is a misjoiner of parties and of causes of action. This point does not seem to have been made in the court below, and consequently cannot be considered on appeal. *Hines v. Horner,* 86 Iowa, 594; *Millen v. Railway Co.,* 63 Iowa, 680. Again, he argues that, by pursuing Richards, plaintiff elected his remedy, and cannot pursue the executor. This also seems to be presented for the first time in this court. There is no issue that justifies any such contention. Moreover, plaintiff asked judgment against both defendants for the conversion of the funds belonging to his ward; and as the remedies against the receiver of the funds and the guardian, who unlawfully converted them, are not inconsistent, there was no election of either rights or remedies. *Kearney Milling & Elevator Co. v. Union Pac. Ry. Co.,* 97 Iowa, 719. It is also contended that the district court had no jurisdiction of a cause of action, or claim against one deceased; that it should have been presented to the probate court. That question was not made in the trial court by motion or otherwise. The action was before the right judge, and in the right court, but the claim or petition was not entitled as in probate. The district court had jurisdiction. Defendant's remedy was by motion, or perhaps by demurrer; and, as he failed to exercise it, he cannot complain. *Bank v. Green,* 59 Iowa, 171; *Goodnow v. Wells,* 67 Iowa, 654; *Clough v. Ide,* 107 Iowa, 669. A suit in equity was the proper remedy, in the absence of objections on the part of the executor. *Bank v. Johnson,* 94 Iowa, 212; *In re Allgier,* 65 Cal. 228 (3 Pac. Rep. 849). Further, it is argued that the claim against the estate of Sarah Knox is barred by the statute of limitations relating to claims against estates.

If this defense had been pleaded, there would be much force in the argument. But it was not. The executor appeared by counsel, and filed voluminous pleadings, setting forth his various defenses, but at no place does he plead the statutory bar. In view of the manner in which the case was tried, it seems that such a pleading was necessary, if reliance was placed on such defense. Again, it may be well doubted whether the statute relating to the time of filing claims has any application to the case. The investing of the money in the Moench mortgage without the authority of and direction of the court was, as we shall see, merely voidable. The ward, on arriving at age, might have elected to accept the mortgage. Had she done so, there would have been no liability on the part of the first guardian or of her estate. The claim then was, in a sense at least, contingent, and did not mature during the life of the first guardian. In such cases the statute does not apply. *Savery v. Sypher,* 39 Iowa, 675; *Wickham v. Hull,* 102 Iowa, 469; *Senat v. Find- ley,* 51 Iowa, 20. Moreover, the ward was not a creditor of Mrs. Knox. The relation of debtor and creditor did not exist between them until the minor became of age. *Humph- reys v. Mattoon,* 43 Iowa, 556; *Thomas v. Pyne,* 55 Iowa, 348. Easton was not appointed guardian until after the death of Mrs. Knox, and he held no claim against her at the time of her death, and it may well be doubted whether the statute applies to him. See *In re Allgier,* 65 Cal. 228 (3 Pac. Rep. 849). The estate of Sarah J. Knox is solvent and unsettled, and no prejudice can result from the allowance of the claims of plaintiff and his ward. But concede that the statute relating to the filing of claims does apply, and that it is not necessary to plead the statute; still it does not appear that the claim is barred. The statute began to run from the giving of notice by the execu- tor. No evidence was adduced of the giving of such notice. True, we have an amended abstract, reciting that a certain proof of notice was filed in probate, but it does not appear

that this was offered in evidence, on the trial of the case.
Judicial notice will not be taken of the fact that such a
notice was given, and, in the absence of proof as to when
the notice was given, we cannot say the claim is barred.
*Johnson v. Barker,* 57 Iowa, 32; *Stewart v. Phenice,* 65
Iowa, 475; *McLeary v. Doran,* 79 Iowa, 213; *Pickering v.
Weiting,* 47 Iowa, 242.  *Brownell v. Williams,* 54 Iowa,
353, is not in point.  There evidence as to the giving of
notice was introduced, and considered by the court.    In
some states it is held that the statute does not begin to run
until final settlement, and an order to pay over is made.
*Marlow v. Lacy,* 68 Tex. 154 (2 S. W. Rep. 52).    It is
doubtful, however, if this is the rule in this state.    *Wycoff
v. Michael,* 95 Iowa, 559.  Our conclusions on this branch
of the case find some support in the following cases:  *Robin-
son v. Robinson,* 22 Iowa, 427; *MacGregor v. MacGregor,*
9 Iowa, 65; *Cassedy v. Casey,* 58 Iowa, 326; *Sankey v. Cook,*
82 Iowa, 126; *Moore v. McKinley,* 60 Iowa, 367.

II.    A guardian cannot, as at common law, loan his
ward's money, or invest it in securities, without an order of
court.    His powers are conferred by statute, and he may
loan their money, and in all other respects manage their
affairs, under proper orders of the court, or a judge thereof.
Code, section 3200.  Under this section it has been held that
a guardian cannot loan the money of his ward, lease his land.
or invest his funds, without an order of court.    *Bales v.
Dunham,* 58 Iowa, 308; *McReynolds v. Anderson,* 69 Iowa,
208; *Slusher v. Hammond,* 94 Iowa, 512; *Reed v. Lane,* 96
Iowa, 454; *Garner v. Hendry,* 95 Iowa, 44; *Alexander v.
Buffington,* 66 Iowa, 360; *Dohms v. Mann,* 76 Iowa, 724.
Such transactions made without the order or direction of
the probate court, are invalid, or voidable, at least,
until approved by the proper court.    As the invest-
ment in the Moench mortgage was not done on the
order of the probate court, and as the same has never been
approved, the estate of Sarah J. Knox is liable for the

amount of the funds so invested. *Garner v. Hendry, supra.* Although there is a dispute in the evidence, we are satisfied, that the defendant Richards knew when he disposed of the mortgage that he was selling it to Mrs. Knox as guardian, and that he received money belonging to her ward in payment thereof. He is presumed to have known that the guardian had no authority to make the purchase, and, under the circumstances, must be held to hold the money received in trust for the benefit of the ward. *Bates v. Dunham, supra.* But Richards and Somerville both plead that plaintiff, by his laches and conduct, is estopped from enforcing his claim. When plaintiff received the Moench note and mortgage from defendant Somerville, as executor, he had no actual knowledge of the fact that they had been purchased without the order of the probate court. Acting on the assumption that the proceedings were regular, he undertook to redeem the land from tax sale as hertofore stated, and also received from defendant Richards one installment of interest on the mortgage. As soon as he learned of the fact that the mortgage had been taken without authority, he demanded and received from the mortgagors the amount paid out by him in redemption, and within a short time commenced this action to rescind the investment, and recover the money advanced to Richards by the former guardian. He did not, however, tender the eighty dollars received from Richards, but the court deducted that amount from the sum found due the plaintiff. Defendants do not plead an election. Their defense is laches and estoppel. There was no such delay after plaintiff learned of the facts as to bar him of relief. If it be said that he was bound to take notice of the transaction of his predecessor, still there was no such delay as should bar plaintiff of his right to recover. No prejudice resulted to either defendant by reason of the delay. The delay was but little more than three years, and there has been no such change in the relations of the parties as will bar plaintiff of relief. Again, we are not prepared to say that

plaintiff could not wait until the ward became of age, to know whether or not she would ratify the transaction, before bringing his suit to set it aside. But, however this may be, we do not think the defense of laches is established. One of the essential elements of an estoppel is that the party pleading it should have so acted with reference to the conduct or representations of the other as that he would suffer damage if the one who is sought to be barred thereby were permitted to deny the truth thereof. *Byer v. Healy,* 84 Iowa, 7; *Tufts v. McClure Bros.,* 40 Iowa, 317; *Jamison v. Miller,* 64 Iowa, 402; *Wishard v. McNeill,* 85 Iowa, 474. There is no evidence whatever that either of the defendants have in any manner changed position, or done anything that would result in injury or damage if plaintiff is permitted to recover. If election were pleaded, or if it be treated as embraced in the plea of estoppel, yet we think the defense is not made out. To constitute an election, there must be knowledge of the facts, and some decisive act tending to show an intent to ratify the transaction, rather than to disapprove it. There is no evidence that plaintiff did anything, after knowledge of the facts under which the investment was made, and evinced an election to ratify. On the contrary, he disaffirmed it, so far as he could, and commenced this action. Without knowledge, there could be no election; and, while delay may be evidence of election, it is not conclusive. As to what constitutes an election, see *Richards v. Schriber, Conchar & Westphal Co.,* 98 Iowa, 422; *Kearney Milling & Elevator Co. v. Union Pac. Ry. Co., supra.* As between plaintiff and his ward, it may be that he cannot be heard to say that he had no knowledge of the circumstances under which the investment was made; for it was his duty, as her guardian, to protect her interests. But as to these defendants no such obligation existed. They were wrongdoers and cannot be heard to say that plaintiff made an election, unless it appears that what he did, which

is said to be evidence of an intent to approve the investment, was done with knowledge of the facts. As plaintiff sues in a representative capacity, and can do no act binding his ward's estate without authority from the probate court, there is much reason for saying that he could not make an election that would be binding on his ward. See *Cassedy v. Casey, supra; Lee v. Bank,* 108 Iowa, 716; *Hippee v. Pond,* 77 Iowa, 235. But, without deciding this point, we think it clear that no estoppel is proven. Moreover, there is no evidence that the note and mortgage are of any less value now than they were when purchased by Mrs. Knox. The investment of the money in redemption from tax sale has been fully accounted for, and the payment of the eighty dollars in interest was made by Richards, and he (Richards) has had the full benefit thereof in the decree. No especial point is made on the failure of plaintiff to return or to offer to return the eighty dollars interest payment, and, as that matter is fully protected by the decree, there is no just cause for complaint. Defendant Richards is not in position to insist on a return of the money before the commencement of suit. In paying the eighty dollars he was doing no more than the law required. *Hendrickson v. Hendrickson,* 51 Iowa, 68; *Allerton v. Allerton,* 50 N. Y. 670; *Triggs v. Jones,* 46 Minn. 277 (38 N. W. Rep. 1113). The note and mortgage were delivered to the clerk of the court for the use and benefit of defendant Richards, and his rights thereto were fully protected.

III. Alice M. Knox also appeals from the decree. The allowance made to her has already been stated. Had plaintiff, as her guardian, invested her money in the Moench mortgage, there can be no doubt that she would be entitled to judgment against him for the amount thereof. As he did not do so, his responsibility is for failure to take the necessary steps to protect her interests. That he did not bring suit against defendants as soon as he

ought may, for the purposes of the case, be conceded; but has the delay resulted in injury to his ward? His delay did not amount to a conversion of the property, and his liability must be predicated on negligence. Mere laches do not give the ward a right of action, unless damage results. The plaintiff now has judgment against defendants for the amount of the mortgage investment, with interest, and there is no suggestion that the judgment is not good. Had plaintiff proceeded, immediately on his appointment, to collect, he would have obtained no more than he has,—a judgment that seems to be good. If the judgment were uncollectible, a different question would arise. No complaint is made of the judgment in favor of intervener against the estate of Sarah J. Knox, and for the amount thereof plaintiff should have credit. Intervener also has judgment against plaintiff for the sum of one hundred and fifty-seven dollars and ninety-two cents. This was arrived at after an accounting made by the guardian, in which he was allowed certain credits for amounts paid the ward, or for her benefit, amounting to something over seven hundred dollars. He was also allowed one hundred dollars for services, and as compensation for his attorneys. The total amount allowed the intervener is something over two thousand six hundred dollars. This is more than one thousand eight hundred dollars received by her original guardian with six per cent. interest thereon, and intervener has no cause for complaint.

14. It is proper to say that the executor makes no complaint of the form of judgment entered against him, and we therefore express no opinion as to the validity thereof. The decree seems to be right, under the issues, and it is AFFIRMED.