Mary E. McCutchen, Guardian of Albert L. Jordan, Appellant, v. V. Roush and F. C. McCutchen, Administrators of the Estate of E. H. McCutchen, Deceased.

Margaret Jordan, Guardian of James Jordan, Appellant, v. V. Roush and F. C. McCutchen, Administrators of the Estate of E. H. McCutchen, Deceased.

Banks and banking: INSOLVENCY: PREFERRED CLAIMS. A stockholder who, with others, assigns his national bank stock to another for the purpose of liquidation and accepts therefor the personal obligation of the assignee, who continues to operate the business as a private bank, becomes a mere creditor of the assignee to the amount of the stock assigned, and is not entitled to have a preferred claim therefor established against the insolvent estate of the assignee, on the theory that he took over and held in trust the property of the national bank for the payment of the bank's liability to the holders of outstanding stock at the time of liquidation: and his subsequent mental disability and the appointment of a guardian for him who accepts from him a certificate of deposit would confer no additional right in that regard.

**Guardianship:** UNAUTHORIZED INVESTMENT OF FUNDS: NOTICE. A guardian cannot rightfully dispose of his ward's property or change the investment without authority from the probate court; but while such an unauthorized act is not absolutely void it is voidable as against one charged with notice of a lack of authority, and it is immaterial on the question of notice whether the original investment by the guardian was authorized or not.

**Insolvency:** CLAIMS: PREFERENCE. Upon a sale and transfer of national bank property upon the agreement to discharge the debt and liabilities of the bank out of the proceeds, including its liabilities to stockholders, the grantee takes the property as a trust fund against which the claim of the stockholders may be enforced; and the proceeds in the hands of his administrators may be applied to the claims of such stockholders in preference to those of general creditors.

**Guardian and ward:** UNAUTHORIZED ACTS OF GUARDIAN: RATIFICATION. Where a guardian had transferred the bank stock of his ward without authority of court and accepted therefor a bank certificate of deposit, an order of the court authorizing a prosecution of the claim therefor against the assignee's estate, either for the value of the stock transferred or on the certificate, or both, for the purpose of having the same established as a preferred claim did not amount to a ratification of the unauthorized transfer.

*Appeal from Ida District Court.*— Hon. Z. A. Church, Judge.

Thursday, April 9, 1908.

Rehearing Denied Tuesday, September 29, 1908.

THESE two cases tried separately in the lower court are submitted together; the records in the two cases and the questions involved being to a considerable extent identical. In each case the plaintiff presented a claim in behalf of her ward against the estate of E. H. McCutchen, deceased, and asked that such claim, if established, be made a preferred claim as against the other creditors of the estate. The trial court established the claim, but refused to allow a preference,

and the plaintiff in each case appeals. *Affirmed* in part, and *reversed* in part.

*M. J. Sweeley,* for appellants.

*Johnson Bros.* and *E. C. Herrick,* for appellees.

McClain, J.— Prior to July 1, 1898, one James Jordan was the owner in his own right of thirty-five shares of the capital stock of the First National Bank of Holstein, of which the deceased was cashier, and held also forty-five shares of such stock as guardian of his insane son, Albert L. Jordan. The par value of these shares was $100 each, but their actual value was in excess of the par value, and not exceeding $119 per share. On that date decedent assumed all the liabilities of said bank, including its liability to its stockholders, and, having become the owner by assignment from the respective holders of all the shares of stock, acquired from the bank by proper deed of conveyance all its assets, including its bank building and fixtures, and the bank went out of business. Decedent continued the banking business as a private banker under the name of E. H. McCutchen & Co. By this transfer the decedent acquired assets of the value of $130,000, and assumed liabilities not exceeding that aggregate amount. One year later decedent issued certificates of deposit to the guardian of James Jordan, who had in the meantime been placed under guardianship, and to the substituted guardian of Albert L. Jordan, in the amounts, respectively, of $4,000 and $5,000, these being the amounts which he thereby admitted to be due from him personally to James Jordan individually and to James Jordan as guardian, for the shares of stock in the First National Bank assigned to him prior to July 1, 1898. Margaret Jordan was the wife of James Jordan for whom she was appointed guardian, and Mary E. McCutchen was appointed as substituted guardian for Albert L. Jordan, the wife of de-

cedent and the daughter of James and Margaret Jordan, and the certificates of deposit were issued to these two in their respective capacities. From the time of the liquidation of the First National Bank when he acquired its assets down to the time of his death, decedent had had at all times not less than $100,000 invested in his banking business. It is claimed on behalf of each of these guardians that the property of the First National Bank was received and held by decedent as a trust fund for the payment of the bank's liability to the holders of the certificates of stock outstanding at the time of liquidation, and that their rights were not affected by the subsequent issuance to them of certificates of deposit in decedent's bank, and on this theory they ask that their claims be preferred to the claims of the other creditors of decedent.

I. First considering the claim of Margaret Jordan as guardian of James Jordan, the record shows that James Jordan was not under legal disability on July 1, 1898, and therefore was competent to assign to decedent the thirty-five shares of stock held by him in his own right, and that he did make such an assignment in consideration of the assumption by decedent personally of the obligation to pay him the value of such shares. The only evidence of this assignment which we find in the record is the recital in an agreed statement of facts that all of the capital stock of the First National Bank had been assigned to decedent prior to its liquidation; but this statement is sufficient, as we believe, to require the finding by us that decedent became the owner by assignment from James Jordan, while he was under no legal incapacity, of his thirty-five shares of stock in the First National Bank, and became liable to him personally to pay the value of such shares. As no question is made with reference to the finding of the lower court allowing the claim of Margaret Jordan as guardian of James Jordan against decedent's estate, we have no occasion to inquire into the correctness of this allow-

1. Banks and banking: insolvency: preferred claims.

ance; but, on the question of preference, we must hold in accordance with the holding of the trial court that no right to such preference was made out. After James Jordan had, prior to the date of liquidation of the First National Bank, assigned his shares of stock to decedent, he had no further interest in the property of that bank. After that time he was a creditor of decedent in the amount, whatever it may have been, which decedent had become obligated to pay him for such shares.

The subsequent appointment of a guardian for James Jordan and the acceptance by such guardian of a certificate of deposit in decedent's bank could not give rise to any right to preference in favor of Margaret Jordan as guardian which had not previously existed in favor of James Jordan in his own right. Whether Margaret Jordan prosecutes her claim as guardian based on the personal liability of decedent existing when her guardianship was created, or on the certificate of deposit subsequently issued to her, and which it may be conceded she had no right to accept without the approval of the probate court appointing her, is immaterial. Under no view of her case would she be entitled to a preference; for as guardian she became the holder only of a claim against decedent, and therefore must stand on the same footing as other creditors with reference to his estate.

II. The considerations applicable to the claim interposed by the guardian of James Jordan would dispose of the claim in behalf of the guardian of Albert L. Jordan were it not for the fact that James Jordan, as guardian of Albert L. Jordan, had no authority from the court to convert the shares of stock in the First National Bank belonging to his ward into a personal claim against decedent; in other words, he had no authority to sell and assign such shares of stock to decedent, and pass title thereto in consideration of an agreed price to be paid by decedent therefor, or in consideration of an agreement by decedent to pay the reasonable value

2. Guardianship: unauthorized investment of funds: notice.

thereof. That a guardian cannot dispose of his ward's property or change the investment thereof, except in pursuance to authority given by the court, must be regarded as well settled. An unauthorized investment is not absolutely void, but it is voidable as against one who takes the ward's property with knowledge that the guardian has no authority to transfer such property to him, and decedent, dealing with James Jordan as guardian, was bound to know that he had no such authority, for he knew that the shares of stock belonged to the ward, and there is no record of any authority by the court to transfer them to him. *Easton v. Somerville,* 111 Iowa, 164. It is immaterial that, as claimed for appellee, the original investment by James Jordan of his ward's property in the stock of the First National Bank was unauthorized. Decedent, finding the shares of stock in the name of and apparently belonging to the ward, had no right to take an assignment thereof from the guardian unless such assignment was authorized by the court; and he cannot go back of that transaction and insist that the stock did not belong to the ward because the investment therein by the guardian for such ward was not approved by the court. It is immaterial as to the interest of the ward, and so far as decedent was concerned, that the original investment of his property in the stock of the First National Bank was unauthorized. As against decedent or his creditors, it remains open to the guardian of Albert L. Jordan to follow his property into the hands of decedent, and assert a claim thereto or to the proceeds thereof as a trust fund until it appears that such right has been lost, either because decedent's estate has not been augmented by the proceeds of such property, or because the probate court which authorized the guardian of Albert L. Jordan to make a claim against the estate of decedent has ratified and approved the action of the guardian in converting the ward's property into a personal claim against decedent.

The first of these two questions furnishes the only seri-

ous difficulty in the disposal of this case so far as the guardian of Albert L. Jordan is concerned.  The property of the

**3. INSOLVENCY: claims: preference.**  First National Bank did not belong to the stockholders, but by proper deed of conveyance passed to decedent subject to the obligation assumed by him to discharge its debts and liabilities, including its liability to its stockholders, out of the proceeds.  When decedent, however, took the property of the First National Bank, agreeing to satisfy its obligations, we think he took such property in a sense as a trust fund, against which the claims of the stockholders might be enforced, and the proceeds of which in the hands of his administrators are still subject to be applied first to the claims of such stockholders before they become subject to the claims of decedent's general creditors.  *Ervin v. Oregon Ry. & Nav. Co.,* (C. C.) 27 Fed. 625; *Tanner v. Lindell R. Co.,* 180 Mo. 1 (79 S. W. 155, 103 Am. St. Rep. 534).  It appears from the record that decedent until his death had always in his possession property received from the First National Bank amply sufficient to satisfy all its liabilities assumed by him, including the liability to pay to James Jordan as guardian the market value of the stock held by him, which market value was, as it appears, the amount which decedent subsequently attempted to pay to the guardian of Albert L. Jordan for such stock by the unauthorized issuance to such guardian of the certificate of deposit in decedent's bank.  There have always been funds, therefore, in the hands of decedent and of his estate from which this liability assumed by him on account of the First National Bank could have been satisfied, and the guardian is therefore in a situation to be entitled to enforce his ward's claim against decedent and his estate in preference to decedent's general creditors.  *Bradley v. Chesebrough,* 111 Iowa, 126; *Lincoln, City of, v. Morrison,* 64 Neb. 822 (90 N. W. 905, 57 L. R. A. 885).

The record does not sustain the claim that the court having jurisdiction of the guardianship of Albert L. Jordan

approved and ratified the action of the guardian in converting

**4. GUARDIAN AND WARD: unauthorized acts of guardian: ratification.** the shares of stock of the ward into a personal claim against decedent, or into a certificate of deposit in his bank. The only action of the court relied upon as constituting such ratification or approval is the order of court authorizing this suit to be brought. This order recites that on the application of Mary E. McCutchen as guardian of Albert L. Jordan for authority to prosecute a claim filed by her on behalf of her said ward against the estate of E. H. McCutchen, deceased, said guardian is authorized and directed to prosecute the claim filed by her against the said estate, either based upon the certificate of deposit or on the value of the property for which said certificate purports to have been issued, or both, as she and her attorney may determine, for the purpose of having the same preferred, if in the judgment of the court in which the same is pending she is entitled to that relief. The guardian is therefore authorized to insist that she holds a preferred claim against decedent's estate on account of the unauthorized transfer to decedent of the ward's shares of stock in the First National Bank, and it does not appear in the record that she has elected to rely on the certificate of stock as the basis of her claim.

We are satisfied that the claim of Mary E. McCutchen, guardian of Albert L. Jordan, against decedent's estate, should have been allowed as a preferred claim, and the action of the trial court in refusing to allow such preference is reversed. The order of the court in the case of Margaret Jordan, guardian, against V. Roush and F. C. McCutchen, administrators, is affirmed, while its order in the case of Mary McCutcheon, guardian, against the same defendants, is reversed in so far as the lower court refused to grant a preference.

*Affirmed* in part, and *reversed* in part.