In re Guardianship of LaVerne Pharmer et al.

No. 40623.

March 17, 1931.

*Frank S. Dunshee*, for appellants.

*H. W. Hanson*, for appellees.

Stevens, J.—Henry H. Pharmer was, on February 28, 1913, appointed guardian of the property and estate of his two minor children, LaVerne and Lucille Pharmer. On the same day, he qualified as such guardian, and filed a bond in the penal sum of $2,000, signed by the National Surety Company as surety. The original amount belonging to his wards that came into the possession of the guardian was $10,264.48. On April 18, 1914, the district court of Polk County authorized the guardian, on his application, to "invest the funds in his hands belonging to said minors in land contracts of Des Moines city property, bearing seven per cent interest, or other safe and profitable securities. That, when said money is invested under this order, that the guardian be directed to file a report, showing the amount of money invested and the character of the securities invested in,

together with the amounts of each security and the rate of interest earned by the same."

Subsequent interlocutory reports were made by the guardian, none of which, except the one dated March 10, 1919, were approved by the court. The guardian to some extent mingled the funds of his wards with his own, and employed the same in numerous unauthorized transactions. The final investment of the wards' money was in three real estate contracts, none of which were consummated. Upon forfeiture thereof, title was taken to the property in the name of the guardian. These instruments were made in 1922. The above transactions were neither authorized nor subsequently approved by the court. The investments were unfortunate, and the property was, at the time of the hearing, worth much less than the amount shown on the accounting in probate to be due the wards. It should be said in this connection that certain early investments by the guardian of the wards' funds proved profitable, and considerably enhanced the value of the estate. These accumulations were, however, wiped out as the result of later transactions.

LaVerne attained his majority October 5, 1925, and Lucille by her marriage, on October 22, 1927. The final report of the guardian was filed in December, 1929, in response to the order of the probate court. On December 21st, he appeared before the referee, and a hearing was had upon the report and the exceptions filed by his wards thereto. The referee found that the investments above referred to were unauthorized and imprudent. He also reported his findings and recommendations to the court, which were, upon hearing, confirmed by an order reciting that the amount due to Lucille Pharmer McCutcheon was $7,845.95, and the amount due to LaVerne, $6,175.95. Judgment was entered for these sums. The difference in the amount due the respective wards is accounted for by a payment previously made by the guardian to LaVerne.

Three propositions are urged by appellants for reversal: namely, that the wards were guilty of laches in delaying two and four years, respectively, before disavowing the investments complained of; that the guardian should not be charged with the losses resulting from the investments in question, as they were made in good faith, and in the belief that they were safe and profitable; that the sum awarded the guardian as compensation

for his services was inadequate; and that the court should have made an allowance to the guardian for the support of his wards during their minority.

Guardians, in the management of their wards' estates, can only act under the authority of the court. Section 12581, Code, 1927; *Bates v. Dunham,* 58 Iowa 308; *McReynolds v. Anderson,* 69 Iowa 208; *McCutchen v. Roush,* 139 Iowa 351; *Robinson v. Irwin,* 204 Iowa 98; *Andrew v. Farmers Sav. Bank of Goldfield,* 207 Iowa 394. As stated, the investment in the real estate contracts which resulted in the taking of title to the real estate in the name of the guardian was neither authorized nor subsequently approved by the court.

It is urged that interlocutory reports were filed in the office of the clerk of the district court of Polk County from time to time, and that the wards had at least constructive notice of the investments complained of. The record does not show when they acquired actual knowledge thereof. The wards were not required to disavow the investments upon becoming of age, and are not to be charged with laches, at least under the facts of this case. No authorities are cited by appellant to sustain his contention at this point. *Robinson v. Robinson,* 22 Iowa 427, cited by appellants, fully sustains the right of the wards to elect to repudiate the guardian's investments in real estate.

It may be granted that the guardian acted in good faith. This is, no doubt, shown by the fact that he became insolvent as the result of many transactions of a similar character entered into on his own behalf. The wards cannot be prejudiced or required to suffer the loss of their estate because of the imprudent and unauthorized investments of the fund by the guardian, notwithstanding that same may have been made in good faith, and in the belief that they were for the best interests of the estate. The wards cannot be compelled to accept the property in question, which has greatly depreciated in value, and is worth much less than the original investment, notwithstanding that the decline continued after the wards attained their majority. The court permitted recovery of the actual amount coming into the hands of the guardian plus interest at the rate of 4 per cent per annum. The guardian should not complain of this finding by the court.

The guardian was awarded $100 per year for eight years, as

1288

compensation for his services. We are not disposed, under the showing made in this case, to interfere therewith. The record does not show that the guardian furnished support for his wards. Nothing can, therefore, be allowed on this item. We discovered nothing in the record that would justify either a modification or reversal of the judgment. It is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and DEGRAFF, ALBERT, and WAGNER, JJ., concur.