STELLA L. RICHARDSON, Appellant, v. FRED B. LAMPE et al.,
Appellees.

No. 43226.

MARCH 10, 1936.

Lee R. Harding and Alfred E. Petersen, for appellant.

Frank L. Holleran and Paul B. Holleran, for appellees.

KINTZINGER, J.—On July 23, 1928, the defendants Fred B.
Lampe and Pearl Lampe, his wife, executed a note and mort-

gage in the sum of $1,566.18 to Pearl Lampe, as guardian of Emma Idella Lampe, a minor. Thereafter and on the same day, said Fred and Pearl Lampe, his wife, executed a note and mortgage to Chas. H. Galbraith in the sum of $4,200. Both notes were secured by mortgages upon the same real estate in Lyons, Iowa. The mortgage to said Galbraith stated that the premises mortgaged were ''free from incumbrance *except a prior mortgage to Pearl Lampe, guardian for Emma Lampe, of even date of this instrument.*'' This is the mortgage held by the guardian of Emma Idella Lampe, minor. Both of these mortgages were duly recorded in Clinton county, Iowa.

The plaintiff, who is now the owner and holder of the note and mortgage of $4,200 executed to Chas. H. Galbraith, commenced this action of foreclosure, and to have his lien established against the real estate superior to that of the defendant, Pearl Lampe, guardian of Emma Idella Lampe, a minor. The record shows that the defendant, Pearl Lampe, wife of Fred B. Lampe, is the same person named defendant as Pearl Lampe, guardian of Emma Idella Lampe, a minor.

In her answer to plaintiff's petition, the defendant guardian alleges that the $1,566.18 mortgage executed to her for and on behalf of her ward, is a prior lien to that of plaintiff, and she asks to have it established as such. She also alleges that this mortgage was received by her, as such guardian, for money paid from her ward's estate in July, 1928, prior to the adoption of section 12772 of the Code of 1931, in its present form. She also alleges that the purchase of said mortgage was approved by the court in the guardianship proceedings on August 2, 1928, shortly after its execution.

To this answer, plaintiff filed a reply, alleging in substance that the lien of plaintiff's mortgage is superior to that of the mortgage held by the defendant guardian, principally upon the ground that the mortgage held by Pearl Lampe, as guardian, is null and void, because it was purchased without authority of a prior court order therefor, and in contravention to the provisions of sections 12581 and 12772 of the Code of 1927; and also because the court was not authorized to approve the loan of the ward's funds directly to the guardian.

Defendants filed a motion to dismiss plaintiff's reply upon the grounds that a prior mortgage referred to in the reply is not the mortgage sued on in this action, and that the facts alleged

in said reply constitute no defense to the mortgage held by the defendant guardian.

Outside of a general statement that the court erred in dismissing plaintiff's reply, the only error assigned for reversal is, in substance:

"That the court erred in ruling that the mortgage entered into by the guardian on behalf of her ward, with herself as an individual, is voidable or valid at the election of the ward, and that the ward has the right to make such election."

■■■ I. Appellant contends that the mortgage held by the defendant guardian was unauthorized, and is illegal and void because no prior court order authorizing the same was secured before it was executed, as required by Code, section 12772. The pleadings show that the mortgage held by the defendant, Pearl Lampe, as guardian for Emma Idella Lampe, minor, was executed on July 23, 1928. Although no prior order of court authorizing the execution of this mortgage, for her ward's estate, was secured prior to that time, the pleadings show that shortly thereafter, on August 2, 1928, a report thereof was made and an order of court was secured authorizing the loan.

Prior to the adoption of section 12772 of the Code of 1931 in its present form, it was the general rule in this state that investments made without a prior court order could be validated by a subsequent order of court approving the same. Easton v. Somerville, 111 Iowa 164, 82 N. W. 475, 82 Am. St. Rep. 502; Robinson v. Irwin, 204 Iowa 98, 214 N. W. 696; Cronk v. American Surety Co., 208 Iowa 267, 225 N. W. 454; In re Guardianship of Benson, 213 Iowa 492, 239 N. W. 79; In re Lawson's Will, 215 Iowa 752, 244 N. W. 739, 88 A. L. R. 316; In re Guardianship of Lemley, 219 Iowa 765, 259 N. W. 481.

In re Guardianship of Lemley, 219 Iowa 765, loc. cit. 771, 259 N. W. 481, 484, we said:

"We hold that the investment made by the guardian was a provident one, and that it was later approved by the court at times when the court was fully advised as to all of the facts and circumstances. We have held that the approval of intermediate reports is more than the approval of a simple accounting, and is an approval of the acts of the guardian as shown by the various reports. * * * We have repeatedly held that the

court may by subsequent order ratify and approve a previous unauthorized act performed by the guardian in the management of his ward's estate.''

The other cases hereinabove cited are of similar import.

The record shows without dispute that at that time the property was worth almost four times the amount of money borrowed from the ward's estate. This would meet the requirements of section 12772 as to the value of the security.

The record also shows that the investment in this case was approved by the court in August, 1928, shortly after it was made. It was, therefore, validated unless it is vulnerable to the further objection that it is void for all purposes because it is the result of a personal transaction between the defendant Pearl Lampe, individually, and the defendant Pearl Lampe, as guardian of her ward.

■■■ II. Appellant also contends that the transaction in question is void and not merely voidable, because it represented a personal transaction between Pearl Lampe, individually, and Pearl Lampe, as guardian, and therefore, does not constitute a lien superior to that of plaintiff against the property. The record does not disclose, however, that the title to this property was in the name of the defendant Pearl Lampe; the title may have been in the name of either Fred B. Lampe or his wife, or both. The body of the note, although signed by both parties, is in the present tense and states that ''on the 23d. day of July, 1933, I promise to pay Chas. H. Galbraith, or order, $4200.00 with interest, etc.'' The signature on the first line of both the note and mortgage is that of Fred B. Lampe. This would indicate that the loan was being made by Fred B. Lampe, the husband, and was signed by his wife because of the homestead character of the property. It is therefore apparent that the title to the property securing the note was in the defendant Fred B. Lampe; at any rate, the record does not definitely show that the transaction was one made entirely between Pearl Lampe, individually, and herself, as guardian.

A number of cases are cited by appellant tending to show that transactions between a person, as an individual, and himself, as guardian of his ward's estate, are absolutely invalid and void. In all of such cases, however, the transactions were attacked by the wards or their heirs, and in their interest or on their behalf.

But so far as we have been able to find, this court has never yet directly held that such transactions can be collaterally attacked by third persons, whose interests would be adverse and directly opposed to those of the ward.

On the contrary, it seems to be the general rule that transactions between a guardian and ward are voidable at the election of the ward only, and are not subject to collateral attack by persons claiming adversely to the ward. 28 Corpus Juris, 1197, section 344; 28 Corpus Juris, 1200, section 350; McCutchen v. Roush, 139 Iowa 351, 115 N. W. 903; In re Guardianship of Galloway, 217 Iowa 284, 251 N. W. 619.

In re Estate of Skinner, 215 Iowa 1021, loc. cit. 1028, 247 N. W. 484, 487, we said:

*"Whether the district court would ever be justified in authorizing the trustee to borrow from the trust estate, we do not now decide or suggest* [italics ours], for it is enough for the purposes of this discussion to indicate that the appellant as trustee did not obtain such authority from the district court, either before or after making the investment."

"As a general rule, as the formalities prescribed for the sale of minors' property is exclusively for their benefit, a sale can be attacked for defects or irregularities therein only by the ward or * * *, in case of his death, by his heirs; and persons claiming title adversely to the title of the ward cannot contest a sale for irregularity in the proceedings." 28 Corpus Juris, 1197, section 344.

In McCutchen v. Roush, 139 Iowa 351, loc. cit. 356, 115 N. W. 903, 905, this court, speaking through Justice McClain, said:

"An unauthorized investment is not absolutely void, but it is voidable as against one who takes the ward's property with knowledge that the guardian has no authority to transfer such property to him."

In re Guardianship of Galloway, 217 Iowa 284, loc. cit. 286, 251 N. W. 619, 620, the guardian wrongfully loaned his ward's money on a second mortgage contrary to law. The court in that case said:

"There was no order whatever made * * * authorizing the loaning of this money; and * * * when this loan was made the

$10,000 loan to the Federal Land Bank was a first mortgage, * * * therefore the second mortgage could not be on real property of the clear and unincumbered value of twice the investment. * * * It is apparent * * * that this conduct of the guardian in making this loan on the second mortgage cannot be approved. *The loan being invalid and illegal, the wards have a right to accept or reject it, and in case of rejection the guardian is liable to the wards with interest.*" (Italics ours.)

It is apparent from the views indicated by the authorities that although a mortgage may have been illegal and invalid, the ward has "a right to accept or reject it." Plaintiff's petition in this case alleges that the guardian is personally insolvent. Therefore, if the ward is not permitted to accept the benefits of this mortgage purchased by the ward's funds, they might be entirely lost. If the ward's estate can be made whole by the acceptance of the mortgage, the ward should have the benefit thereof. A stranger to the ward's estate, whose interests are adverse to those of the ward, should not be permitted to reap a benefit as a result of transactions which might be held invalid or void as between the guardian and ward.

The pleadings in this case show that the purchase of this mortgage for the ward's estate was approved by the court almost immediately after it was made; that the property securing the mortgage met the requirements of the statute as to the value. The guardian's report approved by the court shows that the guardian has secured a $1,566.18 first mortgage on property at that time worth at least $6,500. This record indicates that the purchase of this mortgage was a provident investment.

Plaintiff's petition also shows that at the time the mortgage sued on was executed, it was taken by the mortgagee *subject to the prior mortgage now held by the defendant guardian* for and on behalf of her ward, Emma Idella Lampe, a minor.

We are constrained to hold that the rule to be applied in this case is that the ward may in his discretion declare the transaction valid or invalid at his election, so that if it appears that the interests of the ward will be enhanced by the transaction, he should be permitted to accept the benefits thereof.

No other question as to the correctness of the court's ruling has been raised on this appeal.

It necessarily follows that the action of the lower court in

sustaining defendants' motion to strike plaintiff's reply was proper.

Appellant filed a motion to strike appellees' amendment to the abstract. We find no merit therein, and the same is hereby overruled.

For the reasons hereinabove set out, the order of the lower court is hereby affirmed —Affirmed.

All Justices concur.