## BATES, GUARDIAN, v. DUNHAM.

1. **Guardians:** POWERS OF: DIRECTION OF COURT. Guardians have authority to lease the lands, loan the money and manage the interests of their wards under the direction of the court, but the direction must precede the act, and without such direction the guardian would have no authority to do such acts and would be answerable therefor.

*Appeal from Jackson Circuit Court.*

SATURDAY, APRIL 22.

THIS action was commenced at law for the possession of a note executed by Noah Hutchins, and a mortgage executed to secure the same. Afterwards an amended petition in equity was filed, asking that an account be taken of the amount received by the defendant on said note, that it be decreed that he holds the same in trust for the benefit of said minors, and

that he be required to pay the money in his hands to the parties entitled thereto. The court found that there is due the plaintiff from the defendant five hundred and forty six dollars and eighty one cents. The defendant appeals. The facts are stated in the opinion.

*F. M. Fort* and *Aylett R. Cotton*, for appellant.

*L. A. Ellis, T. E. Blanchard* and *Keck & House*, for appellee.

Day, J.—On the 6th day of December, 1878, one L. D. McCoy was the guardian of the minor heirs of C. T. Hutchins,

1. GUARDIAN: powers of: direction of court.

deceased, and had in his hands, as such guardian, a note for $500, executed by Noah Hutchins, and secured by mortgage. On said 6th day of December, 1878, L. D. McCoy borrowed of the defendant Dunham $175, and executed his own note therefor, due in thirty days, with semi-annual interest, and attorneys fees if collected by suit. He represented that he wanted the money for the purpose of paying the necessary expenses of his wards, and assigned as collateral security for the loan the note of $500 of his wards in his hands. McCoy appropriated the money borrowed, to his own use, and absconded. He had no authority from the Circuit Court to effect the loan or pledge the note. On the 1st day of January, 1880, the defendant collected on said note the sum of $524.79. After the commencement of this suit the defendant tendered to the plaintiff, and deposited with the clerk of the court for the use of the plaintiff, $333. The defendant claims that he is entitled to apply the balance of the proceeds of said note to the satisfaction of the note of McCoy.

It is conceded that, at common law, a guardian may, without order of the court, sell or hypothecate the personal property of his wards. It is claimed, however, that a different rule prevails under our statute. The question involved is simply one of the construction of our statute. The decisions in other

States under the common law, or under statutes differing in phraseology from ours, furnish but little aid in the determination of the question now before us.   Our statute contains the following provisions: "Sec. 2250.   Guardians of the property of minors must prosecute and defend for their wards. They must also, in other respects, manage their interests under the direction of the court.   They may thus lease their lands or loan their money during their minority, and may do all other acts which the court may deem for the benefit of the wards."

We are of the opinion that section 2250 of the Code modifies the common law rule as to the power of a guardian over the property of his wards.   The power which the guardians of property possess are conferred in section 2250.   They must manage the interests of their wards under the direction of the court.   They may thus, that is, under the direction of the court, lease their lands, loan their money during their minority, and do all other acts which the court may deem for the benefit of the wards.   This implies an inhibition upon the doing of these acts without the direction of the court.   It is claimed that this court has placed a different construction upon this statute in *Heirs of Bradford v. Bodfish,* 39 Iowa, 681. In that case it was held that it was the duty of the guardian to invest his wards' money, and because he had not done so, he was charged interest upon it.   But it was not held that he should have invested the money otherwise than under the direction of the court.   He should have made report of the amounts in his hands, and obtained the proper direction respecting it.    The case of *Taylor v. Frink,* 2 Iowa, 85, is also relied upon by appellant as bearing upon this question by analogy.   In that case it was held that the compromise by an administratrix of a suit pending in favor of the estate, without the approbation of the court referred to in section 1336 of the Code of 1851, was not void.   The language used in section 1336 of the Code of 1851 is materially different from that employed in section 2250 of the Code of 1873, and a construc-

tion of one section cannot fairly be held to determine the meaning of the other. The approbation of the court referred to in section 1336 of the Code of 1851 may be obtained after the settlement of the claim as well as before. It may be, therefore, if the executor fails to obtain the approval of the court, that the settlement should still stand, and the executor should be held to answer for any loss to the creditors, legatees or distributees. But when an act is to be done under the direction of the court, as provided in section 2250 of the Code of 1873, the direction precedes the act, and without such direction there is no authority to do the act. The defendant in this case knew that the note and mortgage pledged to him were the property of the wards of McCoy, and he should have inquired whether he was authorized by direction of the Circuit Court to pledge them for the loan. The hypothecation of the note and mortgage was unauthorized, and the defendant was properly made answerable for all he received thereon.

AFFIRMED.