## SARAH O. SLUSHER v. J. M. HAMMOND, Appellant.

**Guardian and Ward:** PRACTICE. In an action to recover the proceeds of a note given to plaintiff's guardian during her minority, and disposed of by him to defendant, an answer which fails to allege that such disposition was made by direction of the probate court, as provided by Code, section 2250, is properly stricken out.

SAME. The fact that the deceased guardian's accounts had not been settled would not defeat a recovery by the ward, in such case. *O'Brien v. Strang*, 42 Iowa, 643, *distinguished*.

DEEMER, J., took no part.

*Appeal from Fremont District Court.*—HON. H. E. DEEMER, Judge.

THURSDAY, MAY 16, 1895.

Action at law to recover the amount of a promissory note alleged to have belonged to the plaintiff, and to have been collected by the defendant. A motion to strike out portions of the answer filed by the defendant was sustained, he refused to plead further, and judgment was rendered in favor of the plaintiff for the amount of the note and costs. The defendant appeals.—*Affirmed.*

*Wm. Eaton* and *Hammond & Stevens* for appellant.

*George E. Draper* for appellee.

Robinson, J.—The petition alleges that in the year 1890 the plaintiff was a minor, and that William McCracken was her guardian; that she attained her majority in the year 1891; that in March, 1890, one George Pearson made to her guardian, for her use and benefit, a promissory note for the sum of one hundred and ninety-four dollars and fifty-eight cents, payable at the office of the defendant, January 1, 1891; that in the latter part of the year 1891 her guardian died; that the note was in the possession of the defendant, and after it became due he collected it, but refused to pay the proceeds or any part thereof to the plaintiff.

The answer is as follows: "Defendant, for substituted answer herein, denies each allegation of petition inconsistent with facts herein set out. Admits collection of note referred to in petition, but avers that said note at time of collection was the property of defendant, and collected to his own use and benefit, and avers the facts in relation thereto to be: That prior to September, 1890, William McCracken, as guardian of plaintiff, had in the hands of defendant funds as shown by itemized account herein set out; and that about September said guardian placed said note with the defendant for collection at its maturity, and at the same time, and as a part of the same transaction, made overdraft against account to full amount of said note, and received the full amount of note thereon, and against the same turned the note over to defendant in payment of the funds so overdrawn, and against which said note was at said time credited with the knowledge, direction, and consent of said guardian. That at the time of receiving said note for collection William

McCracken, as guardian of plaintiff, was indebted to defendant on account in a large sum, and said note was received from guardian, and, by the direction and consent of said guardian credited thereon to the use and benefit of said guardian's account. That, at the time of the death of the said William McCracken, guardian of plaintiff, he was, as such guardian, indebted to defendant on account as here set out:

"Wm. McCracken, Guardian, to J. M. Hammond, Dr.

1888.

| | | |
|---|---:|---:|
| March 20th, taxes paid | $ 34 | 90 |
| August 21st, making report | 5 | 00 |

1889.

| | | |
|---|---:|---:|
| February 8th, cash | 202 | 15 |
| March 4th, taxes paid | 30 | 42 |
| March 20th, trip and expenses to Nebraska | 25 | 00 |

1890.

| | | |
|---|---:|---:|
| January 16th, check | 200 | 00 |
| March 4th, taxes paid | 29 | 88 |
| April 19th, making report | 5 | 00 |
| September 2d, cash | 194 | 00 |
| Total | $726 | 35 |

Contra.

1888.

| | | |
|---|---:|---:|
| January 14th, by cash | $164 | 00 |
| December 25th, by cash | 224 | 25 |

1890.

| | | |
|---|---:|---:|
| January 10th, by cash | 25 | 00 |
| January 16th, by cash | 20 | 00 |
| September 2d, rent, 1890 note | 194 | 00 |
| Total | $627 | 75 |

—Leaving an overdraft on said account in favor of defendant of ninety-eight dollars and sixty cents. That

items of February 8, 1889, January 16, 1890, and September 2, 1890, were drawn against the funds of said guardian in hands of defendant, and said ninety-eight dollars and sixty cents is the extent of overdraft against the same as shown by said account. That defendant verily believes that said item of two hundred and two dollars and fifteen cents was money loaned by said William McCracken as guardian of plaintiff, securing therefor as such guardian the note of F. A. Jones, and the estate of plaintiff still holds said note. That the item of two hundred dollars was applied by guardian McCracken in purchase of piano for plaintiff, and that item of one hundred and ninety-four dollars was applied by guardian in payment of expenses of plaintiff in preparation for and attendance of plaintiff at school. That defendant's said belief is founded upon statements of guardian made at the time of the transaction set out. And for further defense, and in abatement hereof, defendant says that plaintiff is not entitled to maintain and sustain this action at this time, for that the matter of the guardianship of the plaintiff's estate by William McCracken has never been adjusted or settled in probate. And there has not been a settlement and adjustment had of the doings of William McCracken, guardian of the estate of S. O. Slusher, minor, who now prosecutes this case. And there has been no determination of probate court that said note or proceeds thereof is the property of the plaintiff, but all said matters are unsettled and now pending in probate. Wherefore defendant prays that plaintiff's action be abated, and that the defendant have judgment for ninety-eight dollars and sixty cents and costs."

The following is a copy of the motion to strike: "Comes now the plaintiff, and moves to strike out of substituted answer, because the same is redundant and immaterial matter: (1) All that part thereof between

the words, 'admits collection of note referred to in peti-
tion,' and the words, 'that at the time of the death of
Wm. McCracken.' (2) All allegations in regard to the
claim of $98.60, because redundant and immaterial,
and not properly pleaded as a counterclaim herein. (3)
All matter pleaded in abatement, because same is
redundant and immaterial."

I. The claims of the appellant appear to be sub-
stantially as follows: No fraud or want of good faith
in the transactions between himself and the guardian
is charged; therefore it should be presumed that the
transactions were for her benefit; that what was done
by the guardian was within the authority given him
by law; that no abuse of the discretion which he was
permitted to exercise is shown; that, in the absence of
a showing to the contrary, it must be taken as admitted
that the expenditures made by the guardian were
according to law, and proper; that, as the plaintiff has
enjoyed the benefits of the acts of her guardian, she
cannot repudiate the latter without making return
for the former; and that, until a settlement with the
guardian has been made, an action of the character of
this one cannot be maintained. Section 2250 of the
Code provides that "guardians of the property of
minors must prosecute and defend for their wards.
They must also in other respects manage their inter-
ests under the direction of the court. They may thus
lease their lands or loan their money during their
minority, and may do all other acts which the court
may deem for the benefit of the wards." This section
was under consideration in the case of *Bates v. Dun-
ham,* 58 Iowa, 308, and was held to so far modify the
common-law rule as to inhibit the investment of money
and the doing of other acts by the guardian for the
ward without the direction of the court, and to require
that the direction be given before the act. In that

case it appeared that the guardian had assigned a note of his wards as security for a loan he obtained on his own note, and which he represented to be for the benefit of his wards. But the guardian appropriated the money borrowed to his own use and absconded. It was held that the transaction was unauthorized, and that the assignee of the wards' note was liable for the amount received on it to the successor of the absconding guardian. The appellant contends that the case is not in point, for the reason that the transaction of the guardian was fraudulent. The persons he dealt with knew that the note assigned belonged to the wards, and the money which was received by the guardian was lost to his wards. It is true the facts in that case are in some respects unlike those in this, but the general rule announced in that case, that the direction of the court must precede the act of the guardian in making investments and doing other acts for his ward is applicable in this. The part of the answer stricken out alleged, in effect, that there was a running account between the defendant and the guardian; that the note in suit was placed in the hands of the defendant before it was due, in payment of funds overdrawn by the guardian; and that the note thus became the property of the defendant. There is no averment that the note was transferred to the defendant by authority derived from the probate court, nor that the money received by the guardian on account of which the note was transferred to the defendant was invested according to the direction of the probate court, nor that the money or an equivalent for it has been or can be properly accounted for as the property of the plaintiff. The statement of the belief of the defendant in regard to the matter is immaterial. The defendant not only failed to show that the transactions set out were under the direction of the probate court, but he

failed to show that they had been in any manner ratified for the plaintiff.

II. The appellant contends that this action cannot be maintained for the reason that no settlement of the affairs of the guardianship is shown, and relies upon *O'Brien v. Strang*, 42 Iowa, 643, as supporting his claim. The plaintiffs in that case had attained their majority, and sought to recover of the sureties on their guardian's bond for money which he had received during their minority from the sale of their land, but had never paid to them. There had been no final settlement with the guardian, and he had not failed to obey any order of the probate court. It was held that he was entitled to a reasonable time in which to account and settle, and that the sureties were not liable under the facts disclosed. But the controversy in this case is as to the ownership of a note which had been transferred by the guardian without authority, as we must presume, and which for that reason did not cease to be the property of the plaintiff when transferred. The facts set out in the petition showed a good and completed cause of action in favor of the plaintiff. If, conceding the averments of the petition to be true, she was not entitled to recover, the burden was on the defendant to plead and show the facts which would defeat her apparent right. The mere fact that the accounts of the deceased guardian had not been settled would not defeat her right to recover property which belonged to her, but which had been wrongfully transferred to a third person. We conclude that the motion to strike was properly sustained by the district court, and its judgment is *affirmed*.

Deemer, J., took no part.