JACK HUDSPETH et al., Appellees, v. UNION TRUST & SAVINGS
BANK, Appellee; CITY OF SIOUX CITY, Intervener, Appellant.

**TRUSTS:** Establishment and Enforcement—Wrongful Deposit of Pub-
lic Funds. A wrongful deposit of municipal funds in a bank will
not, as against the receiver and the general creditors, be given the
status of a preferred claim, when the receiver affirmatively shows
that no part of said deposit came into his hands, and that the funds
which did come into his hands were not augmented by said deposit.

*Appeal from Woodbury District Court.*—C. C. HAMILTON,
Judge.

MAY 8, 1923.

REHEARING DENIED APRIL 4, 1924.

THE principal action was begun for the appointment of a
receiver for the Union Trust & Savings Bank of Sioux City, and
the appellee Jepson was duly appointed to that trust. The city
of Sioux City came into the proceeding by way of intervention,
alleging that its treasurer, acting without authority, deposited
money to the amount of $15,000 or more in said bank, and de-
manding that the amount of such deposit be allowed by the re-
ceiver as a trust, or preferred claim. The receiver, answering
for himself and in behalf of the general creditors of the bank,
admitted the deposit by the city treasurer, but denied the right
of the city to a preference for such claim. The trial court, after
hearing the evidence, found that none of the moneys so deposited
by the treasurer could be identified or traced in the assets of the
bank coming into the hands of the receiver, and that the estate
so in custody of the receiver had not been augmented by any
part of said funds, and denied the prayer of the petition. In-
tervener appeals.—*Affirmed.*

*Fred H. Free* and *E. G. Smith,* for appellant.

*Jepson, Struble & Anderson,* for appellees.

WEAVER, J.—The deposits in question were made under date of October 4, 1920, and October 26, 1920. The receiver was appointed on February 16, 1921. Six months later, August 5, 1921, the city filed its petition of intervention, asking preference for its claim. When the receiver took possession, the assets of the bank included about $17,000 in cash. Other assets were principally pledged as collateral security for the debts of the bank. The deposits made by the city were evidenced by time certificates, payable in April, 1921. Demand for their payment was first made upon the receiver on August 4, 1921. Answering the petition of intervention, the receiver shows without dispute that, before such claim was made upon him, the entire fund coming into his hands, as above stated, had been expended in the discharge of claims under the authority and direction of the court, and that no part of the funds so deposited by the city treasurer remained in the insolvent estate or augmented said estate in the receiver's hands. The receiver also denies that the deposit made by the city treasurer in the insolvent bank was unlawful; and there is evidence tending to show that a bond executed by a surety company, to secure said deposits as required by law, was found in the city offices; but it is not shown to have been accepted, filed, or approved. We think, however, that there is no competent evidence of a sufficient valid bond, and it may be assumed, for the purposes of this appeal, that the deposit was wrongful. The question then remains whether the showing made by the receiver, negativing the presumption or alleged fact that the moneys so wrongfully deposited had been preserved in the insolvent estate coming into his hands, constitutes a valid or sufficient ground for denying the city's claim for a preference over the claims of the general creditors. It is to be conceded that our cases bearing upon this proposition are in more or less confusion. We shall not undertake to review or reconcile them, but content ourselves with following the later precedents, as the authoritative expression of the rule in this jurisdiction. See *Hanson v. Roush*, 139 Iowa 58; *In re Receivership of First State Bank*, 149 Iowa 662; *Stilson v. First State Bank*, 152 Iowa 724.

In deciding the last cited case, we recognized the apparent conflict in the precedents; but the majority opinion, while con-

ceding that, in the absence of evidence to the contrary, it will be presumed that a trustee will intentionally preserve a trust fund, and that, if he has commingled the same with his own, and has drawn drafts on the commingled fund, he will be presumed to have drawn first his own, further held this to be "a rebuttable presumption of fact, and not a conclusive presumption of law." It is there further said that the mere fact that claimant's money should be deemed to have been received as a trust fund is not sufficient to entitle the claimant to a preference over other creditors, and that it must affirmatively appear, by presumption or otherwise, that the trust fund has not been dissipated, but has come into the hands of the receiver either as a distinct traceable account or fund, or as an augmentation of the estate as a whole. The writer of the present opinion dissented from that conclusion, and, were the question still an open one, would be inclined to adhere to the views then expressed by him; but the majority opinion controls the result of the case now before us.

There is no direct or positive evidence that any portion of the moneys deposited by the city treasurer remains in the insolvent estate in any form; and the presumption which might arise, in the absence of evidence on that subject, that the fund or some part thereof still exists in some tangible form in the receiver's hands, is fairly rebutted.

It follows that the decree below, in so far as it denies the preference asked by the claimant, is—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.