CITY OF NEW HAMPTON et al., Appellants, v. ROBERT L. LEACH, Superintendent of Banking, Receiver, Appellee.

**BANKS AND BANKING:**   Insolvency and Dissolution—Trust Funds
1   of Municipality.   The deposit in a state bank by a city treasurer of municipal funds without the execution and delivery of the indemnifying bond required by statute is *wrongful*, and brings into existence a constructive trust, which is enforcible against the receiver of said bank when it is made to appear, by presumption or proof, that said fund has passed into his hands to the augmentation of the assets of the bank.

**TRUSTS:**   Constructive Trusts—Evidence—Presumption.   It will be
2   presumed, in the absence of a counter showing, that a bank receiving a wrongful deposit of municipal funds retained the same in its possession, and that the same passed to its receiver.

Headnote 1:   7 C. J. pp. 749, 751.   Headnote 2:   7 C. J. p. 752.

*Appeal from Chickasaw District Court.*—W. J. SPRINGER, Judge.

FEBRUARY 16, 1926.

APPLICATION for preference in the distribution of assets in the hands of the state superintendent of banking, as receiver of an insolvent state bank, on the theory that the bank held the deposits as a trust. The receiver moved to dismiss the claim for preference, which motion was sustained by the trial court. From the ruling and judgment thereon the claimants appeal.— *Reversed.*

*Condon & Clary* and *R. Feyerbend,* for appellants.

*John H. Howard* and *R. F. Clough,* for appellee.

DE GRAFF, C. J.—The appellants, the city of New Hampton and the treasurer of said city, allege in their claim and application for preference that certain funds deposited by the

1. BANKS AND
BANKING: in-
solvency and
dissolution:
trust funds of
municipality.

city treasurer in the State Bank of New Hampton, Iowa, and now in the hands of appellee, as receiver of said bank, constitute a preferred claim against the receiver. The appellee-receiver filed a motion to dismiss this claim and application, as amended, on the following grounds: (1) That the facts stated in the proof of claim and application for preference do not entitle the claimants to the relief demanded; (2) that, under the allegations made by claimants, they are not proper parties, since the application shows on its face that one T. B. Condon, treasurer, is the proper claimant, if anyone, under the facts alleged; (3) that, under the statutes of the state of Iowa with respect to state banks, claimants are not entitled to preference over general depositors. The trial court sustained the receiver's motion to dismiss, and from the ruling and judgment thereon this appeal is taken.

The motion to dismiss must be viewed, in legal effect, as a demurrer; and it is necessary, therefore, to recite the allegations of the application of appellants for preference, to determine whether the claimants have stated a cause of action. The material allegations are: 1. That the city of New Hamp-

ton is a municipal corporation located in Chickasaw County, Iowa, and that Alvah Griffith is its legally qualified treasurer, and entitled to the custody of the funds belonging to said city. 2. That T. B. Condon was the duly elected and qualified treasurer of said city on the second day of April, 1923, and continued to act as such treasurer until on or about the 10th·day of February, 1925. 3. That, on August 16, 1924, the said Condon, as such treasurer, deposited in the State Bank of New Hampton, Iowa, $5,000, payable to the order of T. B. Condon, treasurer, as evidenced by a certificate of deposit issued by said bank; that, on September 9, 1924, the said treasurer deposited in said bank $3,000 payable to his order, as treasurer, as evidenced by a certificate of deposit issued by said bank; that, during the time the said T. B. Condon was treasurer of the city of New Hampton, he deposited in the State Bank of New Hampton, Iowa, the sum of $10,428 in open account, subject to check. 4. That said moneys were in the said State Bank of New Hampton on the date when Robert L. Leach, superintendent of banking of Iowa, was appointed receiver of said bank. 5. That all of said moneys are now in the hands of the receiver, and that the assets of said bank coming into the hands of said receiver were more than the indebtedness owed to said city, and greatly in excess of the amount of the claim in suit. 6. That the assets of the bank were increased, augmented, and bettered in the amount of the sums received by it from the claimant and its treasurer, and that the assets of said bank which reached the hands of the receiver were augmented, bettered, and increased by said deposits by the claimants. 7. That, on December 27, 1924, the State Bank of New Hampton was closed by the state banking department of Iowa as an insolvent bank, and that the said Robert L. Leach, as superintendent of banking, was by the district court of Chickasaw County, Iowa, duly appointed, and thereafter qualified as receiver of the State Bank of New Hampton. 8. That the moneys deposited by the then treasurer of said city in said bank, and now in ·the hands of said receiver, represent taxes collected by the city of New Hampton, and that said money now on deposit in said bank is a debt due to the city of New Hampton from said bank or its receiver. 9. That demand has been made therefor by said city, and no part thereof

has been paid by said bank or its receiver. 10. That, at the times the said T. B. Condon, treasurer, deposited said moneys in said bank, he failed and neglected to require said bank to furnish a depository bond, before depositing said money, as required by statute, and that said bank and its officers thereof received said money and accepted said deposits with knowledge that no bond, as provided by law, had been given, and with knowledge of the fact that said money was belonging to the city of New Hampton, and that said bank and the officers thereof and T. B. Condon, treasurer, received and made deposits without said bond unlawfully. 11. That the funds herein mentioned were in the State Bank of New Hampton when the same was closed, and at the time Robert L. Leach was appointed receiver; and by reason of the failure and neglect to comply with the law, the said moneys are now held by the said receiver in trust for the city of New Hampton. 12. That, when each of said sums of money was received by the said bank, its president and directors had knowledge of the fact that no bond, as provided by law, was ever given by said bank; and that, when a bond was requested by said Condon, as city treasurer, and long before a receiver was appointed for said bank, the directors of said bank, at a directors' meeting, and in their official capacity, refused to furnish any bond, as by law provided; and that said directors were chargeable with notice of the provisions of the law concerning a depository bond to secure deposits of city funds in state banks.

If the foregoing allegations are admitted to be true, did the trial court err in sustaining the motion of the receiver to dismiss the application of the claimants? It is the general rule that, in order to impress a trust upon an alleged fund and to assert a preferential claim therefor in the hands of a receiver, it must be established that the transaction giving rise to the claim must have involved a trust relation, whereby the wrongdoer stood in the relation of a trustee to the injured party, and that the fund claimed should be traceable to the receiver to the augmentation of the assets in his hands.

The pleaded facts show (1) the existence and continuation of a trust relation, and (2) that the funds deposited augmented the assets of the insolvent bank and its receiver, and were trace-

able into his hands. We have recognized in our decisions that these propositions are distinct, but must be concurrently proved. In the instant matter, however, we are not dealing with a matter of proof, but simply with the sufficiency of the allegations in the statement of a cause of action.

The petition alleges that the bank had notice of the character of the funds, and knew that it was receiving misappropriated funds and was accepting the deposits wrongfully and in violation of law.

It is alleged that there was a failure to comply with statutory requirements, and that, under established principles of equity, the deposit was wrongful, and that, if traceable as augmenting the bank's assets, as is alleged, it would be recoverable as a trust fund. *Leach v. Exchange St. Bank*, 200 Iowa 185.

We think that the allegations, if sustained by competent proof, would establish a constructive trust, and that, if the trust funds are traceable into the hands of the receiver so as to augment the assets of the bank in his hands, a preferential claim exists.

General creditors have no right to subject trust funds, to which the receiver acquired no title, to the payment of debts owed by the insolvent bank, nor does the mere mingling of the trust fund with the assets of the bank destroy the trust character. It is said in *Hudspeth v. Union Tr. & Sav. Bank*, 197 Iowa 913:

2. TRUSTS: constructive trusts: evidence: presumption.

"* * * it must affirmatively appear, by presumption or otherwise, that the trust fund has not been dissipated, but has come into the hands of the receiver either as a distinct traceable account or fund, or as an augmentation of the estate as a whole."

If a trust fund is established, a presumption arises that it was retained in the possession of the trustee and came into the hands of the receiver, and the burden is upon the receiver to overcome this presumption.

The statute in force at the time of the instant deposit required that, before the funds of a city could be deposited in a bank, the latter should file with the city a bond in a sum to be fixed by the council, which should not be less than double the amount estimated to be on deposit at any one time. Sec-

tion 660-a, Code Supplement, 1913 (Sections 5651 and 5652, Code of 1924).

Under the pleaded facts, the deposits of the money by the treasurer in the bank and its retention by the bank were wrongful, and the bank and its receiver hold such money charged with a trust in favor of the real party in interest, which is the city of New Hampton, Iowa. See *Page County v. Rose,* 130 Iowa 296; *Whitcomb v. Carpenter,* 134 Iowa 227; *Independent Dist. of Boyer v. King,* 80 Iowa 497; *Hudspeth v. Union Tr. & Sav. Bank,* supra.

We will not pursue the inquiry further. The cause has not been tried on its merits. We hold that the trial court was in error in sustaining the motion of the receiver to dismiss the claim of appellants.—*Reversed and remanded.*

EVANS, ALBERT, and MORLING, JJ., concur.