ROBERT L. LEACH, State Superintendent of Banking, Appellee, v. PLYMOUTH COUNTY SAVINGS BANK OF LE MARS; CITY OF LE MARS et al., Interveners, Appellants.

TRUSTS: Establishment and Enforcement—Augmentation of Assets— Non-presumption. An equitable preference in payment of trust funds may not be decreed against the receiver of an insolvent trustee on a record which is absolutely silent as to the property taken over by the receiver and as to the value thereof.

Headnote 1: 7 C. J. p. 751.

Headnote 1: 26 R. C. L. 1348.

*Appeal from Plymouth District Court.*—C. C. BRADLEY, Judge.

NOVEMBER 15, 1927.

The city of Le Mars and R. C. Bartels, city treasurer, filed a claim against the superintendent of banking, as receiver of the Plymouth County Savings Bank, asking a preference for city funds deposited by said treasurer in said bank, prior to its insolvency. The district court allowed the claim as a depositors' claim only, and refused to grant a preference. The city of Le Mars and its treasurer appeal.—*Affirmed.*

*Herbert S. Martin,* for appellants.

*John Fletcher*, Attorney-general, and *J. T. Keenan* and *C. D. Roseberry*, for appellee.

ALBERT, J.—Robert L. Leach, as superintendent of banking, was appointed receiver for the Plymouth County Savings Bank on the 17th day of January, 1925. The city of LeMars and R. C. Bartels, city treasurer, filed a claim with the receiver, asking that the claim be allowed as a preferred claim. The case was submitted without any oral testimony, on an agreed statement of facts. The material part necessary for the disposition of the case is, in substance, as follows: That Bartels, as city treasurer, at various times made deposits in said bank of city funds, and the same were carried in the bank books under the name of R. C. Bartels, city treasurer; that the balance due the city and the treasurer, at the time of the appointment of the receiver, was $4,872.37; that, at the time of the appointment of the receiver, the bank was insolvent, and that the assets thereof were insufficient to pay all claims filed and allowed by said receivership in full; that the city council never at any time passed or adopted any motion or resolution, and never took any action as a council, authorizing said treasurer to deposit the funds of the city in said bank in any sum whatever, or designated said bank. or any other bank or depository, as a depository of the public funds of said city; that said bank and its officers and agents had full knowledge and information, at the time said funds were deposited by said treasurer, that the same were public funds, and belonged to the city of LeMars.

There is no fact set out in the stipulation showing the cash assets that were in this bank when it closed and went into the hands of a receiver. The only matter set out relative thereto is Paragraph 5, reading as follows:

"That said receiver now has in his possession and control, as such, all of the property and assets of said bank."

There is nothing in the stipulation to show what the assets of the bank were, or of what they consisted.

It is insisted that the facts warrant the conclusion that a trust was created, and that, therefore, claimant is entitled to preference. In the many cases we have decided on this question of preference in bank failures, the rule has been definitely settled that the first step of the claimant is to establish a trust;

next, to show that the receiver, as such, has in his hands a common fund, in which the claimant's deposits are included. These matters being established, the law adds thereto a presumption that the bank, in expending the funds, expended its own funds, and not the trust fund. In other words, when the trust is proven, and there is a showing that the receiver has a common fund in his hands, this, plus the presumption, makes a prima-facie showing, entitling the claimant to a preference in event that it is not overcome by proof by the receiver. Our later cases all lead to this conclusion, the last case called to our attention being *City of New Hampton v. Leach,* 201 Iowa 316. See, also, *Andrew v. Eddyville Sav. Bank,* 204 Iowa 431. Under this rule, it is quite evident that the claimant must fail in this case.

If it be assumed, without being decided, that the claimant has established his trust, as claimed by him, this, plus the presumption, does not make a prima-facie case for him. He must go further, and show that in the hands of the receiver there is a common fund which includes his trust fund. As heretofore stated, the stipulated facts do not show what the assets of this bank were, neither do they show the constituent elements thereof. Claimant has not shown in the stipulated facts that there was a dollar in cash or its equivalent that came into the hands of this receiver; neither is it shown that the assets coming into his hands as receiver had any value whatever. This being true, it necessarily follows that he has failed to establish one of the necessary elements to entitle him to preference. The district court refused the preference, and in so doing it acted rightly. —*Affirmed.*

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.