ROBERT L. LEACH, State Superintendent of Banking, Appellant, v. BATTLE CREEK SAVINGS BANK et al., Appellees.

APRIL 3, 1928.

*Ben J. Gibson* and *Campbell & Campbell*, for appellant.

*Snell Brothers*, for Independent School District of Battle Creek, intervener, appellee.

EVANS, J.—The Battle Creek Savings Bank did not open its doors after the close of business of February 19, 1924. The treasurer of the Independent School District of Battle Creek,

 appellee herein, had on deposit therein the sum of $14,786.62 at the time of its closing. He was authorized to deposit in said bank the sum of $10,000, and no more. To that extent, he had an indemnifying bond. On April 17, 1923, he deposited therein the sum of $12,160.50, and on October 20, 1923, he deposited the further sum of $11,342.43. As to $10,000 which was properly deposited in said bank, no claim of preference is made. The excess deposit was without authority, and was, therefore, wrongful. Because thereof a trust relation arose between the bank and the appellee, to the extent of such excess. *City of New Hampton v. Leach,* 201 Iowa 316.

The appellant contends that the appellee is estopped from claiming a trust relation because it received interest upon its deposits. The fact thus relied on as an estoppel does not appear in the record. When, where, or how, did  the appellee receive any interest? Its two deposits amounted to more than $23,000. It checked out of its account less than $10,000. More than $14,000 of such deposits remains unpaid. True, the statute requires that the depositary bank shall pay 2½ per cent interest upon public funds, and this furnishes the only basis for the appellant's contention of fact. Clearly, the statute was not intended as an advance condonation of the wrongful deposit of public funds by public officials. We find this contention without merit.

This trust fund was traced into the hands of the receiver to the extent of the minimum amount of cash on hand in the bank on any date subsequent to the deposits, respectively. There was  no tracing of the fund or any part thereof into the discounts. On February 19, 1924, the discounts of the bank were less by $12,000 than they were on October 20, 1923; and they were less on the latter date by $25,000 than they were on April 17, 1923. The order of the trial court allowed the preference to the full amount of $4,786 against the assets in the hands of the receiver. We think the preference should have been confined to the cash fund received by the receiver. Under the evidence in this case, such preference should not be established to the full amount of the claim, though the cash that came into the hands of the receiver exceeded the amount of such claim. It appears

that the receiver, who was appointed sometime in March following the closing of the bank, received upwards of $9,000 of cash; yet a considerable portion of this resulted from a collection of discounts after the closing of the bank. The actual cash in the bank at the close of the bank February 19, 1924, was upwards of $5,700. The amount of such cash, however, at the opening of February 19, 1924, was $4,326.90. The cash on hand increased during the last day more than $1,400. It is manifest, therefore, that not more than $4,326.90 of the trust fund had escaped dissipation. The preference, therefore, should be reduced to this latter amount, and should be impressed, not upon the assets as a whole, but upon such cash fund. The importance of this qualification is that there may be other preferences established against the same fund, and adjustment may be necessary as between preferred claims. To this extent, the order of the district court will be modified; otherwise affirmed.—*Modified and affirmed.*

All the justices concur.