ROBERT L. LEACH, State Superintendent of Banking, Appellee, v. GRINNELL SAVINGS BANK, Appellee; INDEPENDENT SCHOOL DISTRICT OF GRINNELL, Appellant.

*J. G. Shifflett,* for appellant.

*Frank Bechly,* for appellee.

ALBERT, J.—The Grinnell Savings Bank was a banking corporation organized under the laws of the state of Iowa, and had conducted such business for many years. Appellant herein was an independent school district, also organized under the laws of the state of Iowa. One S. J. Pooley was elected treasurer of said school district at the successive elections from 1913 forward. He was also president of the Grinnell Savings Bank, and from 1913 deposited in said bank money of the Independent School District of Grinnell that came into his hands as such treasurer. At no time during his term of office was this bank designated as a depository, nor at any time during his term did said bank ever furnish the statutory or any other bond for such deposits, as required by law.

The Grinnell Savings Bank was closed and a receiver appointed on January 20, 1925, at which time there was public money of said Independent School District in said bank in the sum of $58,351.79. As above stated, the school district commenced an independent action in equity, to establish that amount as a trust against the property in the hands of the receiver which formerly belonged to this bank. There was on hand at the time the receiver took possession of said bank in cash the sum of $16,730.24. It was discovered that there was included in this balance a credit of $1,265.15 interest. By an arrangement which will be hereinafter referred to, if need be, a new bank was organized, which assumed 50 per cent of the liabilities of the Grinnell Savings Bank, leaving the amount involved herein, of $28,543.32. By stipulation it was provided that the consent filed by this Independent School District of Grinnell, authorizing the receiver to dispose of the assets of the Grinnell Savings

Bank to the new bank, should in no way affect the right of the Independent School District to establish this trust, and if established, to impress the same upon the assets of the Grinnell Savings Bank.

The question is whether or not the district court was right in refusing this petition for the establishment of the trust and the order to the receiver to turn over the funds in his hands belonging to the claimant.

In the case of *Leach v. Plymouth County Sav. Bank*, 204 Iowa 760, we laid down the rule, as settled in this state, that the first step of the claimant is to establish a trust; and next, to show that the receiver, as such, has in his hands a common fund in which the claimant's deposit is included. These matters being established, the law adds thereto a presumption that the bank, in expending the funds, expended its own funds, and not the trust fund. In other words, when the trust is proved, and there is a showing that the receiver has a common fund in his hands, this, plus the presumption, makes a prima-facie showing entitling the claimant to a preference, in event that it is not overcome by the proof of the receiver.

We said, in the case of *City of New Hampton v. Leach*, 201 Iowa 316, that, if a trust fund is established, a presumption arises that it was retained in the possession of the trustee and came into the hands of the receiver, and the burden is upon the receiver to overcome this presumption. We reaffirmed this doctrine in *Leach v. Farmers Sav. Bank*, 204 Iowa 1083.

The rule is equally well settled in this state that, where one in a fiduciary capacity, as was the school treasurer in the instant case, deposits money without the taking of the statutory steps to authorize the same, the deposit is wrongful, and the bank holds the money in trust for the school district. This rule has been announced so many times of late by this court that we need only call attention to it, without citing authorities.

The stipulated facts show that the deposits made by this treasurer were wrongful, and were so known to all parties concerned. On these facts there can be no question that a trust was created. The stipulated facts further show that there was something over $18,600 in the hands of the receiver when he took charge of this bank. It is therefore shown *prima facie* that the requirements of the above rule have been complied with, and the

claimant is entitled to a preference. The receiver has produced no evidence to meet this prima-facie showing; in other words, has not shown that the funds so held in trust were dissipated. It is obvious, therefore, that this claim should have been allowed, and an order made on the receiver to return the same to the Independent School District.

But at this point we are met with another difficulty. There were not only insufficient funds in this common fund in the hands of the receiver to pay the claim of the *school district in  full, but it appears that there were other creditors who established trusts or were allowed preferences. Therefore, the limit of the right of the Independent School District is to share with the other participants in this particular fund *pro rata,* in accordance with the rule recognized in the case of *Leach v. Farmers Sav. Bank,* supra.

The contention which is pleaded and claimed, that, because this fund in the bank drew interest, and the school directors knew that the fund was being wrongfully deposited, this consti-  tuted an estoppel against the school district, is not tenable. This contention was overruled in the case of *Andrew v. Stuart Sav. Bank,* 204 Iowa 570. Such must be the holding, for the principal reason that the evidence does not show that the bank or its representative receiver was in any way prejudiced thereby, which is a necessary element in the establishment of an estoppel.

Decree may be entered either here or in the district court, at the election of the claimant, in accordance with this opinion. —*Reversed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, and MORLING, JJ., concur.

WAGNER, J., not participating.